UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

LESTON CHARLES,

                                     Plaintiff,

                -against-

THE CITY OF NEW YORK, POLICE OFFICER
GIACOMO SCIUTO, SERGEANT MICHAEL
RICUPERO, POLICE OFFICER CATHY MARTINEZ,
POLICE OFFICER BRIAN CARR, POLICE OFFICER
GREY CASTRO, POLICE OFFICER PAWEL WALA,
POLICE OFFICER SEAN CONLON, POLICE OFFICER
RYAN NORMAN, POLICE OFFICER DUANE PERCY,
SERGEANT VINCENT FONTANA, SERGEANT BETSY
GONZALEZ, individually and in their respective
Capacities as members of the City of New York Police
Department, and POLICE OFFICERS JOHN DOES
NUMBERS 1-6, UNKNOWN AND INTENDED TO BE
OTHER NEW YORK CITY POLICE OFFICERS
INVOLVED IN THE OCCURRENCE HEREIN,
individually and in their respective capacities as members
of the City of New York Police Department

                                     Defendants.
----------------------------------------------------------------X

Docket No. 11-CV-2783 (DAB)
(RLE)

**AMENDED COMPLAINT**


**JURY TRIAL DEMANDED**


        The plaintiff, by and through his attorneys, RAISER & KENNIFF, P.C., complaining of

the defendants, jointly and severally, herein respectfully shows to this Court and alleges the

following:

## PRELIMINARY STATEMENT

1.        This action is brought pursuant to 42 U.S.C. §§1983 and 1988, the Fourth and

        Fourteenth Amendments to the United States Constitution, and Article I, §§11 and

        12 of the New York State Constitution.  Plaintiff  LESTON CHARLES brings

        this action for violations of civil rights, assault, battery, excessive force, personal

injuries, harassment, aggravated harassment, malicious prosecution, abuse of process, emotional distress, false arrest, false imprisonment, breach of fiduciary duties, negligence, and other wrongful acts by: THE CITY OF NEW YORK (hereinafter referred to as "CITY"), POLICE OFFICER GIACOMO SCIUTO (hereinafter referred to as " SCIUTO "), individually and in his respective capacity as a member of the City of New York Police Department, SERGEANT MICHAEL RICUPERO (hereinafter referred to as " RICUPERO"), individually and in his respective capacity as a member of the City of New York Police Department,  POLICE OFFICER CATHY MARTINEZ (hereinafter referred to as "MARTINEZ"), individually and in her respective capacity as a member of the City of New York Police Department, POLICE OFFICER BRIAN CARR (hereinafter referred to as "CARR"), individually and in his respective capacity as a member of the City of New York Police Department, POLICE OFFICER GREY CASTRO (hereinafter referred to as "CASTRO"), individually and in his respective capacity as a member of the City of New York Police Department, POLICE OFFICER PAWEL WALA (hereinafter referred to as "WALA"), individually and in his respective capacity as a member of the City of New York Police Department, POLICE OFFICER SEAN CONLON (hereinafter referred to as "CONLON"), individually and in his respective capacity as a member of the City of New York Police Department, POLICE OFFICER RYAN NORMAN (hereinafter referred to as "NORMAN'), individually and in his respective capacity as a member of the City of New York Police Department, POLICE OFFICER DUANE PERCY (hereinafter referred to as "PERCY"), individually

and in his respective capacity as a member of the City of New York Police
Department, SERGEANT VINCENT FONTANA (hereinafter referred to as
"FONTANA"), individually and in his respective capacity as a member of the
City of New York Police Department, SERGEANT BETSY GONZALEZ
(hereinafter referred to as "GONZALEZ") individually and in her respective
capacity as a member of the City of New York Police Department and POLICE
OFFICERS JOHN DOES NUMBERS 1-6, UNKNOWN AND INTENDED TO
BE OTHER NEW YORK CITY POLICE OFFICERS INVOLVED IN THE
OCCURRENCE HEREIN, individually and in their respective capacities as
members of the City of New York Police Department (hereinafter referred to
collectively as "Defendants").

2.   Plaintiff alleges that on April 25, 2010, he was stopped, seized, assaulted,
handcuffed, detained, restrained, wrongfully arrested and taken into custody,
wrongfully imprisoned, maliciously prosecuted, harassed,  abused, threatened,
battered and assaulted, was caused to sustain serious injuries, was subject to an
unreasonable, unlawful and unconstitutional search, intimidated, and was the
recipient of excessive force - without just cause or provocation – by Defendants
SCIUTO, RICUPERO, MARTINEZ, CARR, CASTRO, WALA, CONLON,
NORMAN, PERCY, FONTANA, GONZALEZ and DOES.

3.   Plaintiff further alleges that Defendants CITY, SCIUTO, RICUPERO,
MARTINEZ, CARR, CASTRO, WALA, CONLON, NORMAN, PERCY,
FONTANA, GONZALEZ and/or DOES are individually, jointly and severally

liable for those violations of Plaintiff LESTON CHARLES's  constitutional rights in that said Defendants have:

a) exhibited deliberate indifference to Defendants' SCIUTO, RICUPERO, MARTINEZ, CARR, CASTRO, WALA, CONLON, NORMAN, PERCY, FONTANA, GONZALEZ and DOES's conduct, despite their actual knowledge of previous incident(s) of assault, harassment, intimidation, brutality and abuse of authority toward similarly situated members of the community at large;

b) tolerated, condoned and encouraged a pattern of brutality, harassment and other civil rights violations and still are hostile to similarly situated members of the community at large;

c) failed to properly and adequately monitor and investigate such incidents and to supervise and discipline the employees involved;

d) created an environment and culture in which members of the City of New York Police Department (hereinafter referred to as "Police Department") are encouraged to conceal the misconduct of its members - resulting in the current situation in which members of the Police Department believe they can violate with impunity the rights of persons such as LESTON CHARLES; and

e) inadequately selected, trained, monitored and supervised police officers in their employ.

## JURISDICTION and VENUE

4.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§1331, 1343(a)(3) and (4), this being an action seeking redress, and to recover damages for violations of the Plaintiff's constitutional and civil rights.

5.      Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

6.      Plaintiff demands a trial by jury on each and every one of the claims as pled herein.

7.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§1391(b).

## PARTIES

8.      Plaintiff, LESTON CHARLES was, at all times relevant herein, a resident of the County of Kings, State of New York.

9.      Defendants SCIUTO, RICUPERO, MARTINEZ, CARR, CASTRO, WALA, CONLON, NORMAN, PERCY, FONTANA, GONZALEZ and DOES, are and were at all times relevant herein, officers, employees and agents of the Police Department, a municipal agency of THE CITY OF NEW YORK.  Defendants SCIUTO, RICUPERO, MARTINEZ, CARR, CASTRO, WALA, CONLON, NORMAN, PERCY, FONTANA, GONZALEZ and DOES are being sued individually and in their official capacity.

10.     At all times relevant herein, the above-referenced individual Defendants herein were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the Police Department

and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the Defendant CITY at all times relevant herein with the power and authority vested in them as officers, agents and employees of the Defendant CITY and incidental to the pursuit of their duties as officers, employees and agents of the Defendant CITY.

11.     Defendant CITY is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  The Defendant CITY assumes the risks incidental to the maintenance of a police force and the employment of police officers, as said risk attaches to the public consumers of the services provided by the City of New York.

## STATEMENT OF FACTS

12.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

13.     On or about April 25, 2010, at approximately 4:05 a.m., in the City of New York, County of New York, State of New York, Defendants SCIUTO, RICUPERO MARTINEZ, CARR, CASTRO, WALA, CONLON, NORMAN, PERCY, FONTANA, GONZALEZ and DOES were working in their official capacity as employees and agents of the Police Department when they stopped and seized Plaintiff and then assaulted, battered, handcuffed, restrained, beat, and wrongfully took Plaintiff into custody all without probable cause, exigency, justification,

permission or authority.  Plaintiff was the recipient of excessive force, wrongfully arrested, detained, wrongfully imprisoned, and maliciously prosecuted.  While in police custody, Plaintiff was abused, threatened, battered, assaulted, harassed, was caused to sustain serious injuries and was subject to an unreasonable, unlawful and unconstitutional search.

14.   Specifically, one of the defendants slapped Plaintiff's cellular phone out of his hands.  Plaintiff was then pushed against a police car by five of the defendants, and was told to put his hands behind his back.  One of the defendants pulled Plaintiff toward him and pushed him to the ground, with the help of another officer, causing Plaintiff to land on the ground shoulder-first.  Then, one of the defendants put a knee to the Plaintiff's shoulders and handcuffed him.

15.   After handcuffing Plaintiff, the defendants put him into a police car and drove him to the 10th Precinct.  At the 10th Precinct, two of the defendants grabbed Plaintiff by his ankles and dragged his body up a small flight of concrete stairs.  One of the defendants pulled Plaintiff's thumb back to the point that he was in extreme pain.  Plaintiff was again pushed to the floor with his pants around his knees.  The defendants used their feet to turn Plaintiff's body toward the floor.

16.   When Plaintiff was put into a holding cell, he asked one of the defendants for an ambulance as his shoulder was in substantial pain.  While in the holding cell, two of the defendants made a series of threatening and racist comments directed at the Plaintiff.

17.     Plaintiff was again handcuffed and his ankles were chained as he walked from the 10th Precinct to an ambulance.  At Bellevue Hospital, Plaintiff was chained to his bed and given intravenous morphine.

18.     After Plaintiff was released, he went to Kings County Hospital where he was diagnosed with strained ligaments in his shoulder, an unspecified superficial injury of his upper arm and shoulder as well as a contusion on his knee.  He was given a sling for his shoulder and instructed to see an orthopedist.

19.     The aforementioned acts directly caused by the defendants, acting individually and in concert, constituted excessive use of physical force against Plaintiff, a violation of 42 U.S.C. § 1983.

20.     On July 20, 2010, within ninety (90) days of the accrual of the causes of action, a Notice of Claim was duly served by Plaintiff on defendants.

21.     More than thirty (30) days have elapsed since Plaintiff presented his Notice of Claim to defendants, but said defendants have refused or neglected to make adjustment in payment whereof.

22.     As a direct and proximate result of the wrongful acts described above, the Plaintiff has sustained or will sustain in the future the following injuries and damages: a) conscious pain and suffering; and b) economic losses, including loss of property and medical expenses.

23.     At all times herein the actions of the DEFENDANTS were outrageous and/or willful and/or malicious so as to entitle the Plaintiff to punitive damages as allowed under 42 U.S.C. § 1983.

## FIRST CLAIM

### VIOLATION OF RIGHTS SECURED BY 42 U.S.C. §1983
### AND BY THE FOURTH AND FOURTEENTH AMENDMENTS
### OF THE UNITED STATES CONSTITUTION

24.     Each and every allegation set forth in the preceding paragraphs is incorporated

herein by this reference with the same effect as if fully set forth herein.

25.     At all times relevant herein, the conduct of all Defendants were subject to the

provisions of 42 U.S.C. §§1983 and 1988.

26.     As of April 25, 2010, there existed a clearly recognized federal right pursuant to

the Fourth and Fourteenth Amendments of the United States Constitution to be

free from the use of excessive force by government actors and deprivation of

liberty without due process of law.

27.     The conduct and actions of defendants SCIUTO, RICUPERO, MARTINEZ,

CARR, CASTRO, WALA, CONLON, NORMAN, PERCY, FONTANA,

GONZALEZ and DOES, acting jointly and severally under color of state law, in

unlawfully seizing, assaulting, harassing, and using excessive force against

Plaintiff was done intentionally, maliciously and/or with a reckless disregard for

the natural and probable consequences of their acts, was done without lawful

justification, and was designed to cause and did cause specific and serious bodily,

mental and emotional harm, pain and suffering in violation of the Plaintiff's

Constitutional rights as guaranteed under 42 U.S.C. § 1983, and the Fourth and

Fourteenth Amendments to the United States Constitution.

28.     As a direct and proximate result of all of the Defendants' wrongful acts, policies,

practices, customs and/or usages complained of herein, the Plaintiff suffered

injuries and damages including, but not limited to, conscious pain and suffering,

and anxiety and embarrassment, without any negligence on the part of the

Plaintiff contributing thereto.

## SECOND CLAIM

**VIOLATION OF RIGHTS SECURED BY 42 U.S.C. §1983
AND BY THE FOURTH AND FOURTEENTH AMENDMENTS
OF THE UNITED STATES CONSTITUTION BY FAILING TO
PROTECT THE PLAINTIFF FROM UNCONSTITUTIONAL HARM**

29.     Each and every allegation set forth in the preceding paragraphs is incorporated

herein by this reference with the same effect as if fully set forth herein.

30.     As of April 25, 2010, there existed a clearly recognized civil right to be free from

wrongful and/ or illegal acts which would violate the rights guaranteed to the

Plaintiff under the constitution and laws of the United States and the State of New

York.

31.     The conduct and actions of the defendants SCIUTO, RICUPERO, MARTINEZ,

CARR, CASTRO, WALA, CONLON, NORMAN, PERCY, FONTANA,

GONZALEZ and DOES, acting jointly and severally under color of state law,

failing to take any steps to protect Plaintiff from unjustified and unconstitutional

assault, harassment, excessive force, and deprivation of liberty, was done

intentionally, maliciously and/or with a reckless disregard for the natural and

probable consequences of their acts, was done without lawful justification, and

was designed to cause and did cause specific and serious bodily, mental and

emotional harm and pain and suffering in violation of the Plaintiff's constitutional

rights as guaranteed under 42 U.S.C. § 1983, and the Fourth and Fourteenth

Amendments to the United States Constitution.

32.    As a direct and proximate result of all of the Defendants' wrongful acts, policies,

practices, customs and/or usages complained of herein, the Plaintiff suffered

injuries and damages including, but not limited to, conscious pain and suffering

and anxiety and embarrassment, without any negligence on the part of the

Plaintiff contributing thereto.

**THIRD CLAIM**

**VIOLATION OF RIGHTS SECURED BY 42 U.S.C. §1983
AND BY THE FOURTH AND FOURTEENTH AMENDMENTS
OF THE UNITED STATES CONSTITUTION BY FAILING TO
PROTECT THE PLAINTIFF FROM UNCONSTITUTIONAL HARM**

33.    Each and every allegation set forth in the preceding paragraphs is incorporated

herein by this reference with the same effect as if fully set forth herein.

34.    That on April 25, 2010, defendants, SCIUTO, RICUPERO, MARTINEZ, CARR,

CASTRO, WALA, CONLON, NORMAN, PERCY, FONTANA, GONZALEZ

and DOES, while in the scope of their employment, servants, agents, police

officers and/or representatives of defendants THE CITY, used extraordinary and

excessive use of violence and brutality against Plaintiff, causing severe injuries

and permanent injury.

35.    Defendants' actions violated clearly established rights.

36.    Defendants' actions shock the conscience.

37.    At all times herein mentioned, defendants, SCIUTO, RICUPERO, MARTINEZ,

CARR, CASTRO, WALA, CONLON, NORMAN, PERCY, FONTANA,

GONZALEZ and DOES negligently, wantonly and intentionally failed to prevent

the within incident and/or the excessive use of force and brutality, causing

Plaintiff to be assaulted and to endure the aforementioned physical infliction of

being slapped, being pushed to the ground, taking a knee to the shoulders, and being dragged up stairs.

38.    At all times herein mentioned, defendants, SCIUTO, RICUPERO, MARTINEZ, CARR, CASTRO, WALA, CONLON, NORMAN, PERCY, FONTANA, GONZALEZ and DOES, negligently, wantonly and intentionally failed to prevent the within incident and/or the excessive use of force and brutality, causing Plaintiff to be assaulted and endure physical harm, emotional distress, mental anguish and fear due to the aforementioned physical infliction by defendants, SCIUTO, RICUPERO, MARTINEZ, CARR, CASTRO, WALA, CONLON, NORMAN, PERCY, FONTANA, GONZALEZ and DOES.

39.    No reasonable officer in the position of the defendants would have believed the actions of the defendants herein were objectively reasonable.

40.    Each defendant had the duty and the opportunity to protect the Plaintiff from the unlawful actions of the other defendants, but failed to do so, thereby proximately causing Plaintiff's injuries.

41.    Defendants SCIUTO, RICUPERO, MARTINEZ, CARR, CASTRO, WALA, CONLON, NORMAN, PERCY, FONTANA, GONZALEZ and DOES conspired, aided, abetted and acted in concert with the other defendants in the aforementioned excessive use of force and brutality against the Plaintiff.

42.    Defendants SCIUTO, RICUPERO, MARTINEZ, CARR, CASTRO, WALA, CONLON, NORMAN, PERCY, FONTANA, GONZALEZ and DOES were aware of the aforementioned civil rights violations and wrongful acts being done against the Plaintiff, and they had the duty and the opportunity to protect the

Plaintiff from the unlawful actions of the other defendants, but failed to do so, thereby proximately causing Plaintiff's injuries.

43. That by reason of the foregoing, Plaintiff was injured and caused to suffer severe and permanent injuries without any negligence on the part of the Plaintiff contributing thereto.

## FOURTH CLAIM

## CONSTITUTIONAL CLAIMS AGAINST THE MUNICIPAL DEFENDANTS

44. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

45. At all times material to this amended complaint, the Defendant CITY, acting through its Police Department, had in effect de *facto* policies, practices, and customs exhibiting deliberate indifference to the constitutional rights of the citizens, residents and occupants of the City of New York that were a direct and proximate cause of the unconstitutional conduct of Defendants SCIUTO, RICUPERO, MARTINEZ, CARR, CASTRO, WALA, CONLON, NORMAN, PERCY, FONTANA, GONZALEZ and DOES, and of the resultant official cover-up of the wrong and unconstitutional conduct of Defendants SCIUTO, RICUPERO, MARTINEZ, CARR, CASTRO, WALA, CONLON, NORMAN, PERCY, FONTANA, GONZALEZ and DOES.

46. These de *facto* policies, practices and customs include, *inter alia:* a) the failure to properly screen, supervise, discipline, transfer, counsel, and/or otherwise control police officers engaged in the excessive and unjustified use of force, particularly those police officers who are repeatedly accused of such acts; b) the failure to

properly train and supervise police officers to avoid the use of punitive, cruel and

excessive force; and c) authorizing and ratifying the police code of silence

wherein police officers regularly cover-up police use of excessive and unjustified

force by telling false and incomplete stories, or by failing to report the use of

excessive and unjustified force by police officers, *inter alia,* in sworn testimony,

official reports and in public statements, all of which are designed to cover for

and/or falsely exonerate the accused police officers.

47.    Upon information and belief, the defendant CITY failed to effectively screen,

hire, train, supervise and discipline their police officers, including the defendant

police officers herein, for their propensity for violence, including excessive and

unjustified force and restraint, lack of truthfulness, and for their failure to protect

citizens from unconstitutional conduct of other police officers, thereby permitting

and allowing the defendant police officers herein to be in a position to assault,

excessively and unjustifiably restrain the Plaintiff and to otherwise cause him

injury and violate his federal and state constitutional rights, and/or to permit these

actions to take place with their knowledge or consent.

48.    As a result of the foregoing conscious policies, practices, customs and/or usages,

Defendant CITY has permitted and allowed the employment and retention of

individuals as police officers whose individual circumstances place the public or

segments thereof at substantial risk of being the victims of violent or otherwise

constitutionally violative behavior. Such policies, practices, customs and/or

usages are a direct and proximate cause of the conduct alleged herein and

otherwise a direct and proximate cause of the injuries to the Plaintiff.

49.   At all times herein, Defendant CITY had authority to address alleged behavior that violated citizens' constitutional rights and to institute corrective measures.

50.   At all times herein, Defendant CITY knew or should have known of the harassment *previously* perpetrated by Defendant SCIUTO, RICUPERO, MARTINEZ, CARR, CASTRO, WALA, CONLON, NORMAN, PERCY, FONTANA, GONZALEZ and DOES against Plaintiff and other similarly situated citizens, and failed to take calculated steps to end the abuse, choosing instead to remain deliberately indifferent to the offending behavior.

51.   As a direct and proximate result of the Defendants' wrongful acts, policies, practices, customs and/or usages complained of herein, the Plaintiff suffered injuries and damages including, but not limited to, conscious pain and suffering, anxiety and embarrassment.

## FIFTH CLAIM

### PENDENT CLAIM OF NEGLIGENT HIRING, TRAINING AND SUPERVISION AGAINST DEFENDANT CITY

52.   Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

53.   At all times relevant herein, Defendant CITY has been grossly negligent and negligent in the hiring, supervising, training, and monitoring of its representatives who consult with and counsel police officers who are suspected of crimes and misconduct, or police officers who are suspected of crimes and misconduct, or police officers who are witnesses to crimes and misconduct by their fellow officers.

54.   At all times relevant herein, Defendant CITY has been grossly negligent and negligent in the hiring, supervision, training, and monitoring of Defendants SCIUTO, RICUPERO, MARTINEZ, CARR, CASTRO, WALA, CONLON, NORMAN, PERCY, FONTANA, GONZALEZ and DOES.

55.   As a direct and proximate result of the Defendant's wrongful acts, policies, practices, customs and/ or usages complained of herein, the Plaintiff suffered injuries and damages including, but not limited to, conscious pain and suffering, anxiety and embarrassment.

## SIXTH CLAIM

## ASSAULT AND BATTERY

56.   Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

57.   Defendants SCIUTO, RICUPERO, MARTINEZ, CARR, CASTRO, WALA, CONLON, NORMAN, PERCY, FONTANA, GONZALEZ and DOES committed an act of assault and battery against Plaintiff when they caused Plaintiff to be assaulted and endure the aforementioned physical infliction of being slapped, pushed to the ground, taking a knee to the shoulders, and being dragged up stairs.

58.   As a direct and proximate result of the Defendants' wrongful acts, policies, practices, customs and/ or usages complained of herein, the Plaintiff suffered injuries and damages including, but not limited to, conscious pain and suffering, anxiety and embarrassment.

## SEVENTH CLAIM

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

59.   Each and every allegation set forth in the preceding paragraphs is incorporated

herein by this reference with the same effect as if fully set forth herein.

60.   Defendants SCIUTO, RICUPERO, MARTINEZ, CARR, CASTRO, WALA,

CONLON, NORMAN, PERCY, FONTANA, GONZALEZ and DOES, acting

individually and in concert, intentionally and deliberately inflicted emotional

distress on Plaintiff by maliciously assaulting, harassing, and/or seizing Plaintiff,

by conspiring against him and/or by interfering with his state and federal civil

rights by coercion, or intimidation, or knew or should have known that emotional

distress was the likely result of their conduct.

61.   Defendants' conduct was extreme and outrageous, beyond all possible bounds of

decency, and utterly intolerable in a civilized community.

62.   The actions of the Defendants were the cause of Plaintiff's distress and severe

physical injuries.

63.   Plaintiff is a reasonable man.

64.   The emotional distress sustained by Plaintiff was severe and of a nature that no

reasonable person could be expected to endure.

65.   As a result of the defendants' extreme and outrageous conduct, Plaintiff was, is,

and, with a high degree of likelihood, will continue to be emotionally distressed.

66.   As a direct and proximate result of the defendants' wrongful acts, policies,

practices, customs and/ or usages complained of herein, the Plaintiff suffered

injuries and damages including, but not limited to, conscious pain and suffering, anxiety and embarrassment.

## EIGHTH CLAIM

## FALSE ARREST AND FALSE IMPRISONMENT

67. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

68. Defendants SCIUTO, RICUPERO, MARTINEZ, CARR, CASTRO, WALA, CONLON, NORMAN, PERCY, FONTANA, GONZALEZ and DOES, acting individually and in concert, intentionally and deliberately falsely arrested and falsely imprisoned Plaintiff and subjected Plaintiff to an unreasonable, unlawful and unconstitutional search.

69. Defendants SCIUTO, RICUPERO, MARTINEZ, CARR, CASTRO, WALA, CONLON, NORMAN, PERCY, FONTANA, GONZALEZ and DOES intended to confine Plaintiff in the street, in a police car, in a holding cell at the police precinct, and in the hospital.

70. Plaintiff was conscious of the confinement at the above-mentioned places.

71. Plaintiff did not consent to the confinement in any of the above-mentioned places.

72. The confinement of the Plaintiff in the above-mentioned places was not otherwise privileged, for example, due to a valid search warrant.

73. As a direct and proximate result of the Defendants' wrongful acts, policies, practices, customs and/or usages complained of herein, the Plaintiff suffered injuries and damages including, but not limited to, conscious pain and suffering, anxiety and embarrassment.

## NINTH CLAIM

## MALICIOUS PROSECUTION

74.    Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

75.    The actions of Defendants SCIUTO, RICUPERO, MARTINEZ, CARR, CASTRO, WALA, CONLON, NORMAN, PERCY, FONTANA, GONZALEZ and DOES, acting individually and in concert, intentionally and deliberately led to a malicious prosecution of Plaintiff.

76.    A judicial proceeding was commenced and prosecuted against Plaintiff.

77.    This was done by or at the instance of the defendants.

78.    This was done without probable cause.

79.    This was done with malice.

80.    The judicial proceeding terminated in favor of the Plaintiff in malicious prosecution action.

81.    Plaintiff was injured by having to go through this judicial proceeding.

82.    Plaintiff suffered interference with his person or property as a result of this proceeding, including the confiscation of his blackberry.

83.    As a direct and proximate result of the Defendants' wrongful acts, policies, practices, customs and/ or usages complained of herein, the Plaintiff suffered injuries and damages including, but not limited to, conscious pain and suffering, anxiety and embarrassment.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against the defendants:

　　　　a.　　　Compensatory damages;

b.  Punitive damages;

c.  The convening and empanelling of a jury to consider the merits of the

   claims herein;

d.  Costs and interest and attorneys' fees; and

e.  Such other and further relief as this Court may deem appropriate and

   equitable, including injunctive and declaratory relief as may be required

   in the interests of justice.

DATED: New York, New York
    January 12, 2011

         Yours, etc.

         Bruce R. Connolly, Esq.
         **RAISER & KENNIFF, P.C.**
         Attorneys for Plaintiff
         401 Broadway, Suite 1010
         New York, New York 10013
         (212) 274-0090
         Connolly@raiserkenniff.com
         BC9555